# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMMY LEE WILLIAMS JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-39-W |
| | ) |
| JOHN LEWIS, in his individual and official capacities, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Tommy Lee Williams Jr., a state prisoner appearing pro se, brings this federal civil rights action against Defendant John Lewis. United States District Judge Lee R. West has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636.

Defendant has filed a Motion to Dismiss/Motion for Summary Judgment (Doc. No. 22), to which Plaintiff has responded (Doc. No. 24). Defendant additionally has filed a Special Report ("S.R.") (Doc. No. 21) in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), to which Plaintiff has submitted a response (Doc. No. 23). Accordingly, Defendant's Motion is now at issue. Having considered the arguments, pleadings, and evidentiary materials, the undersigned recommends that Defendant's Motion be GRANTED.

## STANDARD OF REVIEW

Defendant titled his filing "Motion to Dismiss/Motion for Summary Judgment," and relies upon materials outside of the pleadings and public record with respect to the

merits of Plaintiff's legal claims, as well as Defendant's affirmative defense of nonexhaustion of administrative remedies. *See* Def.'s Dispositive Mot. (Doc. No. 22) (citing Special Report and Exhibits to Special Report throughout). In opposition, Plaintiff—whose filing is titled "Response to Motion to Dismiss/Motion for Summary Judgment"—expressly cites Federal Rule of Civil Procedure 56 and argues that he has "covered any and all undisputed material facts." Pl.'s Summ. J. Resp. (Doc. No. 24). It is evident from Plaintiff's Response that Plaintiff was on notice to present, and did present, all material pertinent to Defendant's Dispositive Motion and that Plaintiff understood the Court will consider materials outside of the pleadings in ruling on the Motion. Accordingly, the undersigned has treated Defendant's Motion as one for summary judgment, as specifically outlined below. *See* Fed. R. Civ. P. 12(d), 56(c)(1); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A motion for summary judgment that is supported by affidavits or other materials provided under oath gives the adverse party notice that summary judgment is possible; the adverse party must respond with affidavits or other evidence to show a genuine issue of material fact."); *Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir. 2006) (holding that plaintiff had adequate notice of conversion of motion where motion was titled in the alternative with evidentiary materials attached and plaintiff's response demonstrated his awareness of the conversion).

Summary judgment is a means of testing in advance of trial whether the evidence that will be available at trial would permit a reasonable jury to find in favor of the party asserting a claim. A party that moves for summary judgment has the burden of showing

2

that the undisputed material facts require judgment as a matter of law in its favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To defeat summary judgment, the nonmovant need not convince the Court that it will prevail at trial, but it must cite sufficient evidence admissible at trial to allow a reasonable jury to find in the nonmovant's favor—i.e., to show that there is a question of material fact that must be resolved by the jury. *See Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). Parties may establish the existence or nonexistence of a material disputed fact through:

- citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" in the record; or
- demonstration "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A)-(B).

A defendant seeking summary judgment on the basis of an affirmative defense must show that the undisputed material facts establish *all* of the elements of the defense. *See Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997) ("The defendant . . . must demonstrate that no disputed material fact exists regarding the affirmative defense asserted."). If the defendant meets this burden, the burden shifts to the plaintiff to cite evidentiary material that shows there is a genuine factual dispute as to one or more elements of the affirmative defense, absent which summary judgment should be granted in favor of the defendant. *Id*.

Plaintiff initially filed a four-page Complaint (Doc. No. 1) in this action and then later a three-page Amended Complaint (Doc. No. 12). These filings are identical in every

regard, save two: (i) in the later version, Plaintiff has increased his requested damages from $20,000.00 to $100,000.00; and (ii) the initial Complaint is accompanied by a sworn verification page, which was not resubmitted with the Amended Complaint. *Compare* Compl. at 1-4, *with* Am. Compl. at 1-3. The undersigned therefore has considered the reurged factual allegations of the operative Amended Complaint, with the exception of the damages prayer, as an affidavit for summary judgment purposes. The undersigned also considers Plaintiff's verified response to the Special Report as an affidavit for summary judgment purposes, to the extent that the response contains factual allegations made on Plaintiff's personal knowledge that support Plaintiff's constitutional claims. *See Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988); Am. Compl. at 1-3; Pl.'s S.R. Resp. (Doc. No. 23); Fed. R. Civ. P. 56(c)(4).

PLAINTIFF'S CLAIMS

Plaintiff's 42 U.S.C. § 1983 claims arise out of an incident occurring while he was an inmate at Lawton Correctional Facility ("LCF"), in Lawton, Oklahoma. Am. Compl. at 1. LCF is a private prison owned and operated by GEO, Inc. pursuant to a contract with the Oklahoma Department of Corrections ("ODOC"). Def.'s Dispositive Mot. (Doc. No. 22, at 3) ¶¶ 2-3; S.R. (Doc. No. 21) at 1.[1] At the time of the incident, Defendant worked in the LCF woodshop as a vo-tech instructor and supervisor. Am. Compl. at 1, 2; S.R. at 1, 2.

On March 7, 2012, Plaintiff was seriously injured while operating a table saw in

---

[1] References to the material facts stated in Defendant's Dispositive Motion are given as "Def.'s Material Facts ¶ _." References to filings in this Court use the page numbers assigned by the Court's electronic filing system.

4

the LCF woodshop. Am. Compl. at 1, 2; Def.'s Material Facts ¶ 4. Plaintiff alleges that he was subjected to cruel and unusual punishment, in violation of the Eighth Amendment of the Constitution, "when he was required to work with a table saw that did not have the necessary safety mechanisms in place." Am. Compl. at 2. Plaintiff seeks compensatory damages of $100,000.00. Am. Compl. at 3.

ANALYSIS

Defendant seeks summary judgment on the basis of the affirmative defense that Plaintiff's claims are barred because Plaintiff did not, prior to commencing this lawsuit, exhaust his available administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), codified in pertinent part at 42 U.S.C. § 1997e(a). *See* Def.'s Dispositive Mot. at 3-5; S.R. at 3-4. *See generally Jones v. Bock*, 549 U.S. 199, 219-20 (2007) ("All [courts] agree that no unexhausted claim may be considered.").

1. The PLRA

The PLRA provides that no action under 42 U.S.C. § 1983 may be brought by a prisoner regarding conditions of confinement "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 90, 93-103 (2006) (explaining that Section 1997e(a) requires "proper exhaustion"—i.e., "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (internal quotation marks omitted)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Ngo*, 548 U.S. at 90-91.

2. The Oklahoma Department of Corrections' Offender Grievance Process

ODOC has adopted an Offender Grievance Process, OP-090124, through which a prisoner in its custody may seek formal administrative decisions or answers to complaints. *See* S.R. Ex. 8, OP-090124 (eff. May 24, 2011) (Doc. No. 21-8). The ODOC Grievance Process requires an inmate initially to attempt informal resolution of the complaint by speaking to an appropriate staff member within three days of the relevant incident. *Id.* § IV.A. If the inmate is dissatisfied after this initial attempt, then he or she may submit a written "Request to Staff" within seven days of the incident. *Id.* § IV.B. This first informal level may be bypassed only if the complaint involves a sensitive topic or an emergency. *Id.* § VIII.A.

The next level of the ODOC Grievance Process is the filing of a formal grievance. If dissatisfied with the response received from a Request to Staff, the inmate may file a grievance within fifteen days of the incident or of the date of the response to the Request to Staff, whichever is later. *Id.* § V.A.1. The grievance is submitted to either the facility's Reviewing Authority or, if medical in nature, the Correctional Health Services Administrator ("CHSA"). *Id.* § V.B.1. This level may be bypassed only if the grievance involves a sensitive topic concerning the Reviewing Authority or CHSA. *Id.* § VIII.A.4.

The final level of the ODOC Grievance Process is the filing of a grievance appeal. If dissatisfied with the response to a grievance, the inmate may file a grievance appeal within fifteen days of the date of the response. *Id.* § VII.A, .B. The grievance appeal is submitted to the Administrative Review Authority ("ARA") or, if a medical grievance, the Chief Medical Officer ("CMO"). *Id.* § VII.B. The ruling of the ARA or CMO is

final and concludes the administrative remedy procedure available through ODOC. *Id*. § VII.D.1.

The ODOC Grievance Process includes mechanisms for prisoners to seek relief if they fail to receive a response from a Request to Staff or a grievance. If there has been no response to a Request to Staff "in 30 calendar days of submission," the inmate may file a grievance with the facility's Reviewing Authority on the ground of nonresponsiveness. *Id.* § IV.B.7. If there has been no response to a grievance within 30 days of its submission, the inmate may send a grievance to the ARA or the CMO on the ground of nonresponsiveness. *Id.* § V.C.4.

### 3. Plaintiff's Efforts to Exhaust Administrative Remedies

As outlined below, Plaintiff undisputedly submitted several documents to LCF officials that requested relief on the complaint underlying Plaintiff's Eighth Amendment claim (deliberate indifference to his safety on March 7, 2012). The record reflects, however, that despite these submissions Plaintiff failed to exhaust his administrative remedies with respect to this complaint.

Plaintiff alleges that he filed a Request to Staff regarding the incident in "June, 2012"; Defendant does not dispute that fact or specifically assert the submission was untimely. *See* Am. Compl. at 3; Def.'s Dispositive Mot. at 4; S.R. Ex. 10 (Doc. No. 21-10) at 5; *cf.* OP-090124 § IV.B.2 (prescribing that Request to Staff be submitted "within seven calendar days of the incident"). Plaintiff next alleges that he submitted a Grievance regarding the lack of response to that Request to Staff on June 6, 2012. Am. Compl. at 3. Again, Defendant does not specifically challenge the fact or timeliness of

this Grievance. *See* Def.'s Dispositive Mot. at 4; *cf.* OP-090124 § V.A.2 ("The reviewing authority may choose to extend the submitting period up to 60 days for good cause.").

Nearly a year later, on May 17, 2013, Plaintiff submitted Grievance 13-1572 to the ARA, complaining that he had not received a response to his Grievance of "July or August, 2012" "based upon a non-response to a[n] RTS." S.R. Ex. 10 at 4-5; S.R. Ex. 10 at 1, Knutson Aff. ¶ 7, Jan. 8, 2015 (Doc. No. 21-10).[2] Mark Knutson, the ODOC Director's Designee, received this Grievance on May 24 and responded on May 28, 2013, stating, *inter alia*, that the Grievance was filed improperly because an inmate "may file a grievance when there has been no response within 30 calendar days of submission. Thus, after receiving no response within 30 days you had 15 days to submit a grievance to the ARA." S.R. Ex. 10 at 3 (capitalization altered); *see also* Knutson Aff. ¶ 8 ("Offender Williams was ruled out of time on 5/28/13.").

    4. Plaintiff's Failure to Properly Exhaust Administrative Remedies

The mandatory administrative remedy exhaustion requirement, *see Jones*, 549 U.S. at 211, applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim . . . ."

---

[2] As noted, Plaintiff in his Amended Complaint alleges that the Grievance regarding a lack of response was submitted on June 6, 2012, but in his submission to the ARA stated that such Grievance was submitted in "July or August, 2012." *Compare* Am. Compl. at 3, *with* S.R. Ex. 10 at 4 and S.R. Ex. 10 at 5. There is no allegation by Plaintiff, or indication in the evidentiary material before the Court, of two separate grievances regarding a lack of response. The discrepancy in dates is not material.

8

*Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *see also Ngo*, 548 U.S. at 90. As support for the requested entry of summary judgment, Defendant has submitted a sworn verification from the LCF Warden, who stated that the Special Report, which includes the documentation of Plaintiff's administrative requests for relief, was true and correct to the best of his knowledge and belief. *See* S.R. at 5, Rios Aff., Jan. 9, 2015; Fed. R. Civ. P. 56(c)(4). *See generally* OP-090124 § X.B. Defendant also has submitted a sworn affidavit from Mark Knutson, the Manager of the ARA at the ODOC Administrative Offices, who has access to the offender grievance records maintained by the ARA. Knutson Aff. ¶¶ 1, 5; Fed. R. Civ. P. 56(c)(4). Mr. Knutson attests that he has reviewed the records for Plaintiff and found that Plaintiff filed only the Grievance of May 24, 2013 (described above). Knutson Aff. ¶¶ 6-7.

Upon review of the arguments and evidentiary materials presented by the parties, the undersigned concludes that Plaintiff did not fully exhaust his administrative remedies with respect to the claim raised in his Amended Complaint. There is no reasonable dispute that Plaintiff never properly presented a relevant grievance, "in accordance with the applicable procedural rules," through all available levels of administrative review. *See Ngo*, 548 U.S. at 88, 90. Even assuming that Plaintiff's underlying Request to Staff and grievance submissions were proper, the ARA was authorized to reject Grievance 13-1572 on the basis of its untimeliness, where that document was undisputedly not submitted until nearly one year after Plaintiff failed to receive a timely grievance response. *See* S.R. Ex. 10 at 3-5; OP-090124 §§ IV.B.7, V.A.1, V.A.3, V.C.4.

Plaintiff does not challenge Defendant's factual averments and evidentiary support but argues that he attempted to exhaust his remedies through successfully appealing the misconduct charge he had received in connection with the woodshop incident on March 7, 2012. *See* Pl.'s S.R. Resp. at 3; Pl.'s Summ. J. Resp. at 2. *See generally* S.R. at 2; S.R. Ex. 7 (Doc. No. 21-7). This argument is unavailing, because rather than pursuing *administrative* relief through the prison grievance process on the civil rights violation alleged in the Amended Complaint, Plaintiff appealed his misconduct conviction through the prison's *disciplinary* channels. *See* Pl.'s S.R. Resp. at 3; Pl.'s Summ. J. Resp. at 2; S.R. at 2; S.R. Ex. 7. *Compare* Okla. Dep't of Corr., *Disciplinary Procedures* (OP-060125, eff. Mar. 25, 2013),[3] *with* OP-090124. Pursuing such a disciplinary appeal is neither a substitute for nor a prerequisite to seeking administrative relief on the claims to be raised in a § 1983 lawsuit in this Court. *See, e.g.*, *Pemberton v. Patton*, No. CIV-14-129-D, 2015 WL 1638638, at *5 (W.D. Okla. Apr. 13, 2015), *appeal filed*, No. 15-6089 (10th Cir. filed May 14, 2015); *cf. Marshall v. Lee*, 529 F. App'x 898, 899-900 (10th Cir. 2013) (affirming dismissal under PLRA of § 1983 action for failure to exhaust administrative remedies on claims of retaliation and denial of due process during prison misconduct proceedings); *Kikumura v. Osagie*, 461 F.3d 1269, 1282-85 (10th Cir. 2006) (holding PLRA satisfied "so long as [federal prisoner's grievance] provides prison officials with enough information to investigate and address the inmate's complaint

---

[3] The Oklahoma Department of Corrections *Disciplinary Procedures* are publicly available at http://www.ok.gov/doc/documents/op060125.pdf.

internally"), *overruled on other grounds as recognized in Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008).

Plaintiff offers no other counter-argument and no basis for excusing the exhaustion requirement. Considering the facts alleged by both parties in the light most favorable to Plaintiff as the nonmoving party, such facts are insufficient to "demonstrate with specificity the existence of a disputed material fact" on the issue of whether Plaintiff exhausted his administrative remedies. *See Hutchinson*, 105 F.3d at 564. The undisputed material facts show that Plaintiff did not submit a proper, timely grievance or grievance appeal to the ARA relating to his allegations against Defendant, as was required to complete the ODOC Grievance Process. *See Ngo*, 548 U.S. at 90; *cf. Jackson v. Workman*, 391 F. App'x 724, 725 (10th Cir. 2010) (holding that plaintiff failed to exhaust administrative remedies when he had not filed grievance appeal). Substantial compliance with ODOC's "'deadlines and other critical procedural rules'" does not suffice under the PLRA. *Craft v. Null*, 543 F. App'x 778, 779 (10th Cir. 2013) (quoting *Ngo*, 548 U.S. at 90); *Jernigan*, 304 F.3d at 1032.

None of the evidence in the record, even when construed in favor of Plaintiff, creates a genuine question of fact that would prevent the conclusion that Plaintiff failed to exhaust his administrative remedies prior to commencing his federal claims against Defendant. "[E]xhaustion is mandatory under the PLRA[,] and . . . unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211. Accordingly, the undersigned finds that Defendant's affirmative defense of nonexhaustion of administrative remedies is established as a matter of law, and, therefore, summary judgment should be entered in

Defendant's favor.[4]

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendant's Dispositive Motion (Doc. No. 22), construed as a motion for summary judgment, be GRANTED.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court July 21, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties further are advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 30th day of June, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE

---

[4] In light of this recommendation, the undersigned need not address Defendant's alternative arguments in support of summary judgment.